UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LD HOLMAN,<br><br>      Petitioner,<br><br>v.<br><br>TOM CARTER, Twin Falls County Sheriff; and TWIN FALLS COUNTY ADULT DETENTION FACILITY,<br><br>      Respondents. | Case No. 1:24-cv-00014-CWD<br><br>**INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT** |

Petitioner LD Holman has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* Dkt. 3. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## REVIEW OF PETITION

**1. Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

2. **Factual Allegations**

Petitioner is an inmate in the Twin Falls County Adult Detention Center. It is unclear whether Petitioner is a pretrial detainee or a convicted inmate.

Petitioner complains that he has been subjected to unconstitutional conditions of confinement in the jail. Specifically, Petitioner asserts that he has been denied adequate medical and mental health treatment, that he has been denied food, showers, cleaning supplies, and proper hygiene items, and that he was prohibited from flushing his toilet, from making phone calls, and from receiving visitors. *Pet.*, Dkt. 3, at 2–4.

3. **Discussion**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting *Preiser*, 411 U.S. at 498-99). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement. *Badea*, 931 F.2d at 574. Therefore, if a "prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," in a civil rights action under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

Petitioner is not challenging the validity or duration of Petitioner's confinement. Instead, Petitioner challenges the conditions of confinement at the jail in which Petitioner is held. The remedy for these alleged violations would not be an immediate or speedier release from confinement, *see Preiser*, 411 U.S. at 500, but instead an award of damages or an order requiring the cessation of unconstitutional activities. Therefore, Petitioner's claims are not cognizable in a federal habeas corpus case.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner should pay the $5.00 filing fee when he next receives funds in his prison trust account.

2. Petitioner's Motion for Appointment of Counsel (Dkt. 4) is DENIED.

3. Petitioner may file a response to this Order within 14 days, addressing the Court's analysis and explaining why Petitioner believes his habeas petition is not subject to summary dismissal for the reasons explained above. If Petitioner does not do so, or if the response does not assert cognizable habeas claims, this case may be dismissed without further notice.

4. The Clerk of Court will forward Petitioner this Court's form § 1983 complaint and related documents. If Petitioner decides to file a new, separate civil rights complaint, he should use that form to do so.

5. Because not all parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with

28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, this case is REASSIGNED to a United States District Judge.

DATED: April 10, 2024

_____
Honorable Candy W. Dale
U.S. Magistrate Judge